UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIELLE N. ETHRIDGE, individually, and as natural guardian and next of friend AMARAH SINGLETARY, a minor

 Plaintiff,

vs.

MILLENNIA JACKSONVILLE FL TC, LP d/b/a CALLOWAY COVE APARTMENTS OF JACKSONVILLE and MILLENNIA HOUSING MANAGEMENT, LTD.,

 Defendants.
_____/

CASE NO.: 3:20-cv-01292-BJD-MCR

## Motion to Amend and Remand

For the reasons explained in the legal memorandum, Plaintiff asks this Court for leave to file the attached Second Amended Complaint (exhibit 1), and further asks this Court to remand this case to state court because of the addition of the non-diverse Defendants.

/s/ J. Ryan Will, Esq.
J. Ryan Will Esq.
FBN 285692
Morgan & Morgan, P.A.
444 Seabreeze Ave., Suite 100
Daytona Beach, FL 32118
Phone: 386-281-6790
rwill@forthepeople.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIELLE N. ETHRIDGE, individually, and as natural guardian and next of friend AMARAH SINGLETARY, a minor

    Plaintiff,

vs.

MILLENNIA JACKSONVILLE FL TC, LP d/b/a CALLOWAY COVE APARTMENTS OF JACKSONVILLE and MILLENNIA HOUSING MANAGEMENT, LTD.,

    Defendants.
_____/

CASE NO.: 3:20-cv-01292-BJD-MCR

**Legal Memorandum in Support of
Motion to Amend and Remand**

**I.   Procedural History**

Plaintiffs filed in state court against the Millennia Defendants, which removed this case due to diversity. Plaintiffs now seek to add one more diverse Defendant and several non-Diverse defendants. Due to the addition of the non-diverse Defendants, remand is necessary.

**II.   Facts**

   **A.   The current Defendants:**

Plaintiffs were injured by a fire or explosion occurred at their apartments, which Defendants Millennia Jacksonville and Millennia Housing Management owned and operated.

   **B.   The new Defendants:**

2

On February 10, 2021, Plaintiffs received the investigation report from the Bureau of Fire, Arson & Explosives Investigations, Division of Investigative & Forensic Services (DFS). The DFS Report identifies Defendants' numerous Florida employees, which Plaintiffs seek to add as Defendants. Specifically, the DFS Report identifies Defendant Tate as the regional manager of property operations, Defendant Watson as the property manager, Defendant Brown as the assistant property manager, Defendant Graham as the maintenance supervisor, Defendants Felton and Carothers as maintenance staff, and Defendant Fleetwood as the groundskeeper.

The DFS Report further identifies Florida companies, Tampa Electric Company (TECO) and Peoples Gas, as the natural gas distributors. Plaintiffs also have learned that a Louisiana company, Moran Construction, was the property inspector. In order to ensure full recovery, Plaintiffs seek to add these entities.

### III. Argument

#### A. **Joinder is proper under Rule 20.**

Plaintiffs seek to add additional defendants. Under Rule 21, "the court may at any time, on just terms, add or drop a party." Under Rule 20(a)(2), Plaintiffs may join defendants if

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

FRCP 20(a)(2).

As this Court has explained, Rule 20 is a low hurdle:

> "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 206 F.3d 1303, 1323 (11th Cir. 2000), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Thus, "joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). …

> The Eleventh Circuit applies the "logical relationship" test to determine if claims arise from the same transaction or occurrence. *Rep. Health Corp. v. Lifemark Hosps. Of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). There is a logical relationship if " 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.' " *Id*. (quoting *Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). The second prong of Rule 20(a) requires only some question of law or fact common to all parties. *Alexander*, 206 F.3d at 1324; *Mosley*, 497 F.2d at 1334.

*Griffith v. Geico*, 2014 WL 12609862, at *2 (M.D. Fla. Sept. 9, 2014).

In this case, Plaintiffs originally sued their landlord and property management company for a fire or explosion. Plaintiffs now seek to add Defendants' employees, the gas distributor, and the property inspector for the same incident. Under Rule 20, this Court should permit amendment.

### B. **Joinder is proper under 28 U.S.C. §1447(e)**

#### 1. **Standard under Section 1447(e).**

As explained below, this Court should permit joinder of the non-diverse Defendants, and this Court should remand this action as a result. The Florida Plaintiffs seek to add Florida Defendants. This defeats jurisdiction because "[t]he presence of a single plaintiff who is a citizen of the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Laposa v. Walmart Stores E.*, 2020 WL 2301446, at *4 (M.D. Fla. May 8, 2020). After joinder of a non-diverse Defendant, remand is mandatory. As the Eleventh Circuit has explained, "a removed case must be remanded to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Dever v. Family Dollar*, 755 F. App'x 866, 868 (11th Cir. 2018) (quoting 28 U.S.C. § 1447(c)).

Given the jurisdictional impact, Congress gave District Courts discretion when weighing joinder of non-diverse defendants:

4

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C.A. §1447(e). However, District Courts should not deny joinder simply to retain jurisdiction. To the contrary, the Eleventh Circuit has held that remand is preferred:

> [A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination. The strict construction of removal statutes also prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated.

*Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997).

The Eleventh Circuit has not addressed the standard under Section 1447(e) in any published opinion. In an unpublished decision, the Eleventh Circuit has directed District Courts to "'consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Dever*, 755 F. App'x at 869 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). As explained below, each factor supports joinder in this case.

> **2. Plaintiffs seek to hold liable parties to account, bring insurance carriers to the table for all responsible parties, ensure satisfaction of the judgment, prevent dual suits over the same incident, and prevent empty chair defenses.**

The first factor (Plaintiffs' purpose) supports joinder. All Section 1447(e) motions require remand, but this Court has recognized that "[t]he mere fact that the requested amendment would divest the Court of its jurisdiction does not, in itself, establish that Plaintiff's motive in seeking amendment is to accomplish this aim." *Fiddler's Creek Cmty. Dev. Dist. 2 v. U.S. Bank Nat.*

5

*Ass'n*, 012 WL 2358295, at *3 (M.D. Fla. June 20, 2012). In this case, Plaintiffs have numerous reasons to sue the non-diverse Defendants in this action.

Initially, Plaintiffs seek to bring all possible insurance carriers to the negotiation table, specifically the gas distributors (TECO/Peoples) and inspection company (Moran Construction). Indeed, if this case goes to trial, it is important to have all carriers on the hook. Plaintiffs' need to ensure satisfaction of the judgment is more important than the trial forum. *See Freeman v. Taylor*, 2014 WL 12538170, at *2 (M.D. Fla. July 7, 2014) ("The fact that Plaintiff's damages may exceed the UM limits and the strong case Plaintiff claims to have against Ms. Taylor as the at-fault driver in a rear-end collision present objectively legitimate grounds for suing Ms. Taylor."); *Briscoe v. Menzies Aviation*, 2019 WL 11478063, at *2 (M.D. Fla. May 15, 2019), *report and recommendation adopted*, 2019 WL 11477406 (M.D. Fla. June 3, 2019) ("[A]lthough one purpose of Plaintiff's Motion may be to destroy federal diversity jurisdiction, Plaintiff has presented other valid reasons for seeking to join the Proposed Defendant at this stage of the litigation – i.e., that Plaintiff has a strong case against the Proposed Defendant and that Defendant appears to be an improper party to this action.").

Furthermore, Plaintiff wants to prevent empty chair defenses. If Plaintiff is forced to bring a separate state action, then the federal suit Defendants could try to blame the state suit Defendants at trial, and vice-versa. For example, this Court found that the plaintiff had a reasonable basis to join a non-diverse defendant where it "was possible that Defendant could attempt to … shift the blame to Angulo, and in that situation, Plaintiff would need to add Angulo in order to get a judgment against Angulo for any amount of blame that was successfully shifted to him." *Krpic v. Progressive Express Ins.*, 2019 WL 4164964, at *3 (M.D. Fla. Sept. 3, 2019). As in *Krpic*, joinder is proper.

In addition, it is significant that Plaintiff seeks to add several Florida Defendants. If Plaintiff just wanted to defeat diversity, one would do. Similarly, Plaintiff seeks to add one Louisiana entity (Moran Construction), which has no impact on jurisdiction. By adding one diverse and several non-diverse Defendants, Plaintiffs display their desire to hold all responsible persons and entities to account.

Finally, the timing shows Plaintiffs' lawful purpose. Plaintiffs seek joinder due to the discovery of information that reveals the new Defendants names and roles. This case is like *White v. Progressive Select Ins.*, 2014 WL 172118 (M.D. Fla. Jan. 15, 2014), where this Court accepted the plaintiff's justification that amendment was made in response to new information:

> Upon receiving that information, (that confirmed White's belief that Hughes was involved in the transmission of the fraudulent or forged form), White amended his complaint to assert negligence and fraud claims against Hughes. Other than to speculate about the timing of events, Progressive does not point to any evidence that disputes White's reasoning.

*Id.* at *3. This Court has repeatedly held that discovery of a potential defendant's role is a legitimate reason for joinder.[1] As in these cases, this Court should permit joinder in this case.

### 3. Plaintiffs acted promptly.

The second factor (delay) supports joinder. "This case is in its infancy." *White*, 2014 WL 172118, at *4. Plaintiffs have given Defendants an extension to respond to the Complaint, and

---

[1] *See Kelly v. Stillwater Pres. Dev.*, 2018 WL 7460057, at *2 (M.D. Fla. Nov. 14, 2018) (permitting joinder where "Plaintiffs contend that they had no knowledge of Diamond's identity until discovery was exchanged."); *Fiddler's Creek*, 2012 WL 2358295, at *3 ("There is no reason to discredit Plaintiff's statement that its motivation in seeking amendment 'is simply to conform the pleadings with the evidence now known to the [Plaintiff] and to promote the resolution of the parties' dispute in one lawsuit against *all* culpable parties, rather than two.'"); *Starnes Davis Florie v. GOS Operator*, 2012 WL 3870413, at *3 (S.D. Ala. Sept. 5, 2012) ("And it was this revelation …—not the removal to federal court—that prompted Starnes to seek to amend its pleading to assert claims against McAuliffe. Under these circumstances, the Court imputes no nefarious, forum-shopping motivation to plaintiff's request to amend the Complaint."); *Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (permitting joinder of a non-diverse defendant because "counsel avers that the proposed amendment is the result of his investigation into the facts of the case.").

7

Plaintiffs have agreed to postpone discovery. Nevertheless, Plaintiffs have continued their investigation, which has identified new Defendants.

This timing factor supports joinder where the Court faces an early motion for joinder. As this Court explained in granting a similar motion:

> Discovery in this case has not commenced, and a case management order has not been entered. To the extent that Plaintiff may have known of the identities of the additional Defendants before filing this case, the Court finds that the amount of time from the commencement of the case to the date the Motion was filed is not extremely unusual. The Federal Rules of Civil Procedure are designed to be flexible, and every case is permitted a certain amount of time to accommodate joinder.

*Zeller v. RJ Reynolds Tobacco*, 2008 WL 11336628, at *2 (M.D. Fla. May 14, 2008). As in *White* and *Zeller*, this Court should permit joinder at such an early stage in the litigation.

Moreover, Plaintiffs promptly moved for joinder after learning of the Defendants' employees identities and responsibilities[2] on February 10th. This Court and others have found similar timeframes prompt. *See Dever v. Family Dollar Stores of Georgia*, 2018 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018) (month and a half); *Nelson v. Bos. Mkt.*, 2017 WL 393870, at *2 (M.D. Fla. Jan. 30, 2017) (month); *Starnes Davis Florie*, 2012 WL 3870413, at *4 (month).

### 4. Plaintiffs will be prejudiced by dual litigation.

The third factor (prejudice) supports joinder. If this Court denies joinder, Plaintiffs will have to sue the Florida Defendants in state court, creating unnecessary duplicitous litigation.

---

[2] The important time is not discovery of a defendant's identity, but discovery of their role and responsibility. *See Moreira v. Suntrust Mortg.*, 2010 WL 11626827, at *2 (M.D. Fla. Aug. 26, 2010) (Plaintiffs "'knew of Seymour prior to the initiation of the lawsuit but were not aware of Seymour's potential to be a defendant until after removal.' Plaintiff's justification suggests that there was a legitimate reason for failing to name Seymour as an original defendant."); *Schur v. L.A. Weight Loss Centers*, 577 F.3d 752, 767 (7th Cir. 2009) ("Specifically, the judge stated that Schur knew the identity of Poole and Morr from the beginning of discovery in August 2005, yet she waited almost a year before seeking to join them in August 2006. But this conclusion ignores that Schur learned of the defendants' role in the events leading to Hoppe's death only after obtaining L.A. Weight Loss's responses to discovery requests…").

8

Most importantly, dual lawsuits further "subject the parties to the potential of inconsistent outcomes." *White*, 2014 WL 172118, at *4. *See Miller v. Bank of Am.,* 2013 WL 3805043, at *3 (M.D. Fla. July 19, 2013) (recognizing potential for inconsistent verdicts). "The risk of such a prejudice weighs heavily in favor of Plaintiff and trumps any suggestion that Plaintiff's amendment exists only to defeat federal jurisdiction." *Shavers v. Covenant Transp.*, 2010 WL 11626853, at *2 (M.D. Fla. Jan. 11, 2010). *See Krpic*, 2019 WL 4164964, at *4 ("[I]f Defendant attempts to shift part of the blame for the accident to Angulo, Plaintiff might not be able to obtain full relief for his injuries...").

In addition, dual litigation "is inconsistent with the stated purpose of the Federal Rules of Civil Procedure, which is to ensure the just, speedy, and inexpensive determination of every action." *Fiddler's Creek*, 2012 WL 2358295, at *4 (citing FRCP 1). Accordingly, this Court has held that "[f]orced parallel litigation in federal and state court may constitute significant injury." *Bloesch v. Wal-Mart Stores E.*, 2020 WL 1188469, at *2 (M.D. Fla. Mar. 12, 2020).[3] Indeed, it would be "unfair, unduly costly, and judicially inefficient" to require Plaintiff to litigate in multiple forums. *Freeman*, 2014 WL 12538170, at *2. Separate lawsuits would require "additional discovery expenses, and an overlapping calculation of damages.." *Moreira*, 2010 WL 11626827, at *2. In this case, Plaintiffs would have to separately pay damages and causation experts to testify in each suit if forced to litigate in two forums. This Court should remand to prevent such an unfair burden on Plaintiffs.

### 5. The equities support joinder.

The final factor (other equitable concerns) supports joinder. Defendants' interest in forum selection "is outweighed by Plaintiff's interests in having the alleged tortfeasor joined as a

---

[3] *See also Schur*, 577 F.3d at 768; *Laposa*, 2020 WL 2301446, at *4; *Keating*, 2012 WL 6965101, at *6; *Hacienda Vill. HOA v. Marsh, Inc.*, 2011 WL 2893113, at *4 (M.D. Fla. July 20, 2011); *Williams v. Walgreen Co.*, 2010 WL 11507737, at *2 (M.D. Fla. Apr. 20, 2010).

9

defendant to this action." *Shulthiess v. LM Gen. Ins.*, 2015 WL 136092, at *2 (M.D. Fla. Jan. 9, 2015). Plaintiffs' interests in joining responsible persons and entities in a single suit is more important that the Defendants' desire to remove this case to federal court. *See also Walia v. Armed Forces Bank*, 2014 WL 12783267, at *1 (M.D. Fla. Apr. 28, 2014) (equities support amendment where affirmative defenses appear to shift blame to other entities)

Moreover, judicial economy supports remand. As this Court has explained, "The efficient use of scarce judicial resources does not contemplate duplicate actions arising from identical facts." *Miller,* 2013 WL 3805043, at *3. *See also Bechtelheimer v. Cont'l Airlines*, 776 F. Supp. 2d 1319, 1323 (M.D. Fla. 2011). As a result, "The interests of efficiency and judicial economy strongly favor litigating all of Plaintiff's claims in a single lawsuit." *Zeller*, 2008 WL 11336628, at *3.[4]

For these reasons, because all factors support joinder, this Court should remand this case.

### C.  **The fraudulent joinder doctrine does not apply to post-removal joinder.**

In abundance of caution, Plaintiffs will address the fraudulent joinder doctrine because this Court has applied it previously in some cases to post-removal joinder. However, as explained below, the fraudulent joinder doctrine is inapplicable.

Significantly, the Fifth Circuit has held that, "The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis by Court). In reaching this conclusion, the Fifth Circuit relied on its precedent dating back to 1939:

---

[4] *See also Laposa*, 2020 WL 2301446, at *4; *Keating*, 2012 WL 6965101, at *6; *Williams*, 2010 WL 11507737, at *2; *Makras v. Lorillard Tobacco* 2008 WL 11336587, at *2 (M.D. Fla. May 19, 2008); *Keating*, 2012 WL 6965101, at *6.

10

> This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal.*

*Id.* (emphasis by Court). *See id*. at n. 6 (citing, inter alia, *Keating v. Shell Chem.*, 610 F.2d 328 (5th Cir.1980), and *Dudley v. Community Pub. Serv.*, 108 F.2d 119 (5th Cir.1939)).

The *Cobb* Court explained the reason for such rulings:

> This makes sense: A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

*Id.* at 678.

Although the Eleventh Circuit has not yet considered whether the fraudulent joinder doctrine applies to post-removal joinder, decisions by the Fifth Circuit prior to 1981 are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). In addition, like the Fifth Circuit, the Eleventh Circuit has long held that "determining whether joinder was fraudulent is 'based on the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.'" *Keating v. Ingersoll-Rand.*, 2012 WL 6965101, at *5 (M.D. Fla. Nov. 16, 2012), *R&R adopted*, 2013 WL 394002 (M.D. Fla. Jan. 31, 2013) (quoting *Pacheco de Perez v. AT&T*, 139 F.3d 1368, 1380 (11th Cir.1998)).

Accordingly, this Court held in *Graham v. Medtronic*, 2006 WL 4764431, at *3 (M.D. Fla. Oct. 4, 2006), that "it is likely that were the Eleventh Circuit to reach the issue, it would align itself with the position taken by Fifth Circuit…" *See also Keating*, 2012 WL 6965101, at *5 (holding that fraudulent joinder does not apply to joinder after removal); *MB Rental*

11

*Properties v. Pac. Ins.*, 2011 WL 1833130, at *2 (M.D. Fla. May 13, 2011) (noting in dicta that the doctrine is "arguably inapplicable" after removal).

In other cases, this Court has admittedly applied fraudulent joinder to post-removal amendments. *See Hacienda Vill. HOA*, 2011 WL 2893113, at *2; *Bechtelheimer*, 776 F. Supp. 2d at 1321. These cases, like the Fourth and Seventh Circuits, hold that fraudulent joinder is a factor for this Court to consider. *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Schur*, 577 F.3d at 764 ("But the fraudulent joinder doctrine is not *dispositive* of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party.") (emphasis by Court). However, this Court should follow *Graham* because the cases applying the doctrine to post-removal joinder do not consider *Cobb* or pre-1981 Fifth Circuit precedent, which is binding on this Court.

> D. **<u>Plaintiffs have not fraudulently joined any Defendant.</u>**

Even if the fraudulent joinder doctrine applies to post-removal joinder (which is denied), Plaintiffs properly join the new Defendants.

> 1. **The standard is high.**

Defendants would bear the burden to prove fraudulent joinder, and it is a heavy one. "To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted)). "This burden is a heavy one." *Id.*[5]

---

[5] Although the word "fraudulent" may imply a subjective element, there is not one. The Supreme Court has long held "the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1291 (11th

When evaluating a plaintiff's possibility of relief, "[t]he standard … is a lax one." *Id.* at 1332-33. "In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). Indeed, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333 (citation omitted). Furthermore, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.*

The Eleventh Circuit has emphasized that the "possibility" standard for fraudulent joinder is considerably lighter than the "plausibility" standard for federal pleading:

> This standard differs from the standard applicable to a 12(b)(6) motion to dismiss. To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In contrast, all that is required to defeat a fraudulent joinder claim is "a possibility of stating a valid cause of action." *Triggs*, 154 F.3d at 1287.

*Id*. *See id*. at 1334 ("Nothing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity.").

Under Florida law, the pleading standard is more akin to notice pleading than the federal plausibility standard under *Iqbal-Twombly*:

> "Under Florida's pleading standards, Plaintiffs merely [have] 'to state a case showing a legal liability.'" *SFM Holdings.. v. Fisher*, 465 Fed.Appx. 820, 821

---

Cir. 1998) (quoting *Chicago, Rock Island & Pacific Ry. v. Schwyhart*, 227 U.S. 184, 193, (1913)). "Thus, the fraudulent joinder analysis turns on the objective validity of the plaintiff's theories of jurisdiction and liability as to the non-diverse defendant, not on its subjective motivations for joining that defendant." *Taylor Newman Cabinetry v. Classic Soft Trim*, 436 F. App'x 888, 893 n.3 (11th Cir. 2011); *see id.* at 893 ("The relevant question, however, is not why Plaintiffs chose to join Valencia, but whether they could state a cause of action against him under Florida law.").

> (11th Cir. 2012) (quoting *Messana v. Maule Indus.*, 50 So.2d 874, 876 (Fla.1951)). "This could be achieved by alleging the requisite elements of a cause of action and 'plead[ing] factual matter sufficient to apprise [Plaintiffs'] adversary of what [the adversary] is called upon to answer.'" *Id.* (quoting *Messana*, 50 So.2d at 876); *see also Almarante v. Art Inst. of Fort Lauderdale*, , 921 So. 2d 703, 705 (Fla. 4th DCA 2006) ("Motions under rule 1.140(b) (6) [Florida Rules of Civil Procedure] should be granted only when the party seeking dismissal has conclusively demonstrated that plaintiff could prove no set of facts whatsoever in support of the cause of action.").

*Mincey by & through Sims v. Am. Honda Motor*, 2015 WL 12844400, at n.6 (M.D. Fla. Aug. 25, 2015) (Judge Davis).

However, this Court need not even decide whether a claim satisfies Florida's procedural requirements for pleadings. Under the possibility standard, this Court's "task is not to gauge the sufficiency of the pleadings in this case." *Henderson v. Washington Nat. Ins.*, 454 F.3d 1278, 1284 (11th Cir. 2006). Rather, this Court's "inquiry is more basic: [the Court] must decide whether the defendants have proven by clear and convincing evidence that no [Florida] court could find this complaint sufficient…" *Id. See also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 847 (11th Cir. 2013) ("But in reviewing a claim of fraudulent joinder, the precise pleading requirements of state law are not dispositive."). Indeed, a state court can permit leave to amend any claim that is colorable, but not sufficiently pled. *Ullah*, 538 F. App'x at 847 (noting that Georgia courts liberally grant leave to amend when faced with claims that are not sufficiently pled).[6]

---

[6] The possibility standard is built upon federalism as any question on state law is "a question is emphatically a matter for the state courts to decide." *Henderson*, 454 F.3d at 1282. The Eleventh Circuit has explained:

> [T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands.

14

As explained below, Plaintiffs' claims easily clear this low bar.

### 2.     Plaintiffs' claims are proper.

Plaintiffs properly assert claims against the gas distributors (TECO/Peoples) under Florida law. Florida Courts have held that, "[n]atural gas being a dangerous commodity, a distributor of it is required to exercise a degree of care commensurate with the dangerous character of that which he is handling." *Farber v. Houston Corp.*, 150 So. 2d 732, 733 (Fla. 3rd DCA 1963) (reversing directed verdict to gas company after gas leak led to explosion). Accordingly, Plaintiffs can sue the gas distributors for negligent acts and omissions that caused the fire or explosion. *See Moebus v. Smith*, 193 So. 2d 34, 35 (Fla. 2nd DCA 1966) (reversing summary judgment to gas distributor after leak); *See also O'Neil v. Gilbert*, 625 So. 2d 982, 982 (Fla. 3rd DCA 1993) ("[W]e find the evidence sufficient to support a finding of liability against both Synergy Gas Corporation, which had inspected and attempted to repair the stove…"); *Russell v. Jacksonville Gas Corp.*, 117 So. 2d 29, 32 (Fla. 1st DCA 1960) (reversing directed verdict to gas company after range exploded) ("Under these circumstances, it is a question of fact as to whether one who sells, installs and repairs a gas range has exercised due care in repairing an appliance capable of violent malfunctions.").

As for the claims against Defendants' employees, Plaintiffs can sue both master[7] and servant under Florida law. This case is remarkably similar to *Taylor Newman Cabinetry*. In that

---

*Id.* at 1284. *See also Florence v. Crescent Res.*, 484 F.3d 1293, 1299 (11th Cir. 2007) (remand necessary because Florida law was unclear); *Crowe*, 113 F.3d at 1540 ("[T]he arguable confusion in Georgia law itself supports remanding this case to state court.").

[7] In Florida, a landlord's duty to provide a reasonably safe dwelling is clear:

> [T]he owner of a residential dwelling unit, who leases it to a tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant.

case, the plaintiff sued a company and its operations manager for negligently failing to prevent a fire. 436 F. App'x at 889. The company removed to this Court, arguing that the operations manager was fraudulently joined. *Id*. at 890. Applying Florida law, this Court—and the Eleventh Circuit—found the company's fraudulent joinder argument lacked any objective basis and warranted imposition of attorney fees against the company. *Taylor Newman Cabinetry v. Classic Soft Trim*, 2010 WL 4941666, at *7 (M.D. Fla. Nov. 3, 2010), *R&R adopted*, 2010 WL 4941445 (Nov. 29, 2010), *aff'd*, 436 F. App'x 888, 890-893 (11th Cir. 2011).

The Eleventh Circuit explained:

Under Florida law, 'officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment,' so long as 'the agent or officer personally participated in the tort.'

*Taylor Newman Cabinetry*, 436 F. App'x at 890–91 (quoting *Vesta Constr. & Design v. Lotspeich & Assocs.*, 974 So.2d 1176, 1180 (Fla. 4th DCA 2008)). *See also Taylor Newman Cabinetry*, 2010 WL 4941666, at *7 ("There is nothing improper about Plaintiffs' assertion of a direct negligence claim against an employee of CST *and* a claim for vicarious liability against the employer-the two are not mutually exclusive.") (emphasis by Court). As in *Taylor*, Plaintiffs can properly sue Defendants and their employees.

Plaintiffs bring strong claims against the Florida Defendants, not fraudulent ones. Even if the fraudulent joinder doctrine applies (which is denied), this Court should remand.

**IV.    Conclusion:**

For these reasons, this Court should permit joinder and remand this case to state court.

---

*Mansur v. Eubanks*, 401 So. 2d 1328, 1329–30 (Fla. 1981). In *Mansur,* the Florida Supreme Court unanimously reversed summary judgment to a landlord after a gas explosion in a tenant's apartment. *Id.* at 1330. *See also Bosket v. Broward Cty. Hous. Auth.*, 676 So. 2d 72, 74 (Fla. 4th DCA 1996) ("[E]ven if appellee had no legal duty to provide a fire extinguisher, once appellant undertook to provide a fire extinguisher, it had a duty to exercise reasonable care in this regard.")

16

/s/  J. Ryan Will, Esq.
J. Ryan Will Esq.
FBN 285692
Morgan & Morgan, P.A.
444 Seabreeze Ave., Suite 100
Daytona Beach, FL 32118
Phone: 386-281-6790
rwill@forthepeople.com
Attorney for Plaintiff

17

**CERTIFICATE OF SERVICE**

    The undersigned HEREBY certifies that on March 1, 2021, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida by using the CM/ECF system, which will send an automatic e-mail message to Sami Achem Jr, Esquire, Cole, Scott & Kissane, Sami.AchemJr@csklegal.com., ryan.william@csklegal.com, and all parties registered with the CM/ECF system.

                                                      /s/  J. Ryan Will, Esq.
                                                      J. Ryan Will Esq.
                                                      FBN 285692
                                                      Morgan & Morgan, P.A.
                                                      444 Seabreeze Ave., Suite 100
                                                      Daytona Beach, FL 32118
                                                      Phone: 386-281-6790
                                                      rwill@forthepeople.com
                                                      Attorney for Plaintiff

**Local Rule 3.01(g) Certification**

Plaintiffs certify that Plaintiffs have conferred with Defendants, and Defendants have not agreed on the resolution of the motion to remand.

/s/  J. Ryan Will, Esq.
J. Ryan Will Esq.
FBN 285692
Morgan & Morgan, P.A.
444 Seabreeze Ave., Suite 100
Daytona Beach, FL 32118
Phone: 386-281-6790
rwill@forthepeople.com
Attorney for Plaintiff
