# EXHIBIT "1"

UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NUMBER: 3:20-cv-01292-BJD-MCR

DANIELLE N. ETHRIDGE, individually,
and as natural guardian and next friend of
AMARAH SINGLETARY, a minor

      Plaintiffs,

vs.

MILLENNIA JACKSONVILLE FL TC LP d/b/a CALLOWAY COVE APARTMENTS OF
JACKSONVILLE,

MILLENNIA HOUSING MANAGEMENT, LTD., individually, and as agent of Millennia
Jacksonville FL TC LP d/b/a Calloway Cove Apartments Of Jacksonville

ORYTHIAN DONNELL GRAHAM, individually, and as agent of Millennia Jacksonville FL
TC LP d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing Management,
LTD.,

JAMES JOSEPH FELTON individually, and as agent of Millennia Jacksonville FL TC LP d/b/a
Calloway Cove Apartments Of Jacksonville and Millennia Housing Management, LTD.,

JAMES TIMMIE FLEETWOOD, JR., individually, and as agent of Millennia Jacksonville FL
TC LP d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing Management,
LTD.,

KIMBERLEY MYKIA MONEEK CAROTHERS, individually, and as agent of Millennia
Jacksonville FL TC LP d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing
Management, LTD.,

LASHAWNDA DAY WATSON, individually, and as agent of Millennia Jacksonville FL TC LP
d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing Management, LTD.,

SHARHONDA LORRAINE BROWN, individually, and as agent of Millennia Jacksonville FL
TC LP d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing Management,
LTD.,

DEMOND MICHAEL TATE, individually, and as agent of Millennia Jacksonville FL TC LP
d/b/a Calloway Cove Apartments Of Jacksonville and Millennia Housing Management, LTD.,

TAMPA ELECTRIC COMPANY d/b/a TECO and d/b/a PEOPLES GAS,

PEOPLES GAS SYSTEM (FLORIDA), INC., and

MORAN CONSTRUCTION CONSULTANTS, LLC.

        Defendants.

_____/

## SECOND AMENDED COMPLAINT

      The plaintiff, Danielle N. Ethridge, individually, and as parent, natural guardian, and next friend of Amarah Singletary, a minor, sues the above-named defendants and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds thirty thousand dollars ($30,000), exclusive of interest, costs, attorneys' fees (the estimated value of Plaintiffs' claims are in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiffs have entered $30,001 in the civil cover sheet for the estimated amount of the claim as required in the preamble to the civil over sheet for jurisdictional purposes only as the estimated amount of claim is required to be set forth in the civil cover sheet for data collection and clerical purposes only. The actual value of Plaintiff's claim will be determined by a jury in accordance with the Florida Constitution, Article 1, Section 21.

2. At all times material hereto, the plaintiff, Danielle Ethridge (hereinafter, "Ethridge") was a resident of Duval County, Florida.

3. At all times material hereto, the plaintiff, Amarah Singletary (hereinafter "Singletary") was the minor child of Ethridge, born August 13, 2010, and was a resident of Duval County, Florida.

4. At all times material hereto, the defendant, Millennia Jacksonville FL TC LP (hereinafter "Owner") was a Florida limited partnership situated in the State of Ohio, licensed to do business and doing business in Duval County, Florida.

5. At all times material hereto, the defendant, Millennia Housing Management, Ltd. (hereinafter "Manager") was a foreign limited liability corporation situated in the State of Ohio, licensed to do business and doing business in Duval County, Florida.

6. At all times material hereto, the defendant Orythian Donnell Graham, an individual, was a resident of the State of Florida.

7. At all times material hereto, the defendant James Joseph Felton, an individual, was a resident of the State of Florida.

8. At all times material hereto, the defendant James Timmie Fleetwood, Jr., an individual, was a resident of the State of Florida.

9. At all times material hereto, the defendant Kimberley Mykia Moneek Carothers, an individual, was a resident of the State of Florida.

10. At all times material hereto, the defendant Lashawnda Day Watson, an individual, was a resident of the State of Florida.

11. At all times material hereto, the defendant Sharhonda Lorraine Brown, an individual, was a resident of the State of Florida.

12. At all times material hereto, the defendant Demond Michael Tate, an individual, was a resident of the State of Florida.

13. At all times material hereto, the defendant, Defendant Tampa Electric Company, doing business as TECO, and also doing business as Peoples Gas (hereinafter "TECO"), was a Florida corporation, situated in the State of Florida and doing business in Duval County, Florida.

14. At all times material hereto, the defendant Peoples Gas System (Florida), Inc. (hereinafter "Peoples Gas"), was a Florida corporation, situated in the State of Florida and doing business in Duval County, Florida.

15. At all times material hereto, the defendant Moran Construction Consultants, LLC (hereinafter "Inspector"), was a foreign limited liability corporation, situated in the State of Louisiana, licensed to do business and doing business in Duval County, Florida

16. At all times material hereto, the defendants conducted substantial, and not isolated, business in Duval County, Florida.

17. Venue is proper in Duval County, Florida, as the subject incident occurred in Jacksonville, Duval County, Florida.

18. There is no Federal question and there is incomplete diversity of citizenship due to the inclusion of Florida resident defendants.  The plaintiffs expressly disclaim every claim arising under the Constitution, treaties, or laws of the United States (including any claim

arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office).  No claim of admiralty or maritime law is raised.

19. On or about July 23, 2019, Owner was the legal owner of a commercial rental property, Calloway Cove Apartments, located at 4229 West Moncrief Road in Jacksonville, Florida (hereinafter the "Property"), which it operated as a residential apartment complex.

20. At all times material hereto, Manager was the property manager of the Property and was the employee, actual agent or apparent agent, or representative of Owner. Owner and Manager acted within the course and scope and authority of that relationship.

21. At all times material hereto, Graham, Felton, Fleetwood, Carothers, Watson, Brown, and Tate were individually compensated as employees, actual agents or apparent agents, or representatives for Owner and/or Manager. Owner, Manager, Graham, Felton, Fleetwood, Carothers, Watson, Brown, and Tate acted within the course and scope and authority of those relationships.

22. At all times material hereto, TECO was compensated to distribute and supply fuel gas to the Property, inspect, repair, service and/or test the fuel gas system, fuel gas system components, gas lines, and/or gas appliances that supplied the Property and were on the Property.

23. At all times material hereto, Peoples Gas was compensated to distribute and supply fuel gas to the Property, inspect, repair, service and/or test of the fuel gas system, fuel gas system components, gas lines, and/or gas appliances that supplied the Property and were on the Property.

24. At all times material hereto, Inspector was compensated to complete a property condition assessment and report for the benefit of Owner and Manager with respect to the Property. Among other things, Inspector was asked to identify all issues that could negatively affect the health and safety of residential tenants at the Property.

25. At all times material hereto, Ethridge and Singletary resided upon the Property as tenants and invitees.

26. All of the defendants knew or should have known in the exercise of reasonable care that dangerous conditions existed on the Property in the form of fire, gas, and safety hazards.

27. The likelihood of injury and death due to fire, gas, and safety hazards to individuals on and around the Property was reasonably foreseeable to the defendants and they were obliged to

exercise reasonable care to provide safe premises for residential tenants, including Ethridge and Singletary.

28. On or about July 23, 2019, as a result of a gas leak, a fire and/or gas explosion occurred at the Property, which resulted in the destruction of the Property and injury to both Ethridge and Singletary.

29. Ethridge and Singletary did not cause or contribute to the cause and/or spread of the subject fire and/or explosion.

30. At all times material hereto, Ethridge and Singletary received no warning of the subject fuel gas leak and the resulting fire and/or explosion.

31. At all times material hereto, Ethridge and Singletary did not have access to a properly installed gas detection device or fire safety device and further had no access to a properly mounted and/or maintained fire extinguisher.

32. At all times material hereto, the defendants knew or should have known in the exercise of reasonable care that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were non-compliant with local and State laws, regulations, industry standards, and safety codes and that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances had been recalled, were leaking, and/or were in disrepair rendering them dangerous and/or defective and thus constituting a volatile and extremely dangerous condition on the Property.

33. The defendants are required to comply with local and State laws, codes, and standards for the protection of individuals, such as Ethridge and Singletary. Ethridge and Singletary are members of the class of persons protected by the local and State laws, codes, and standards related to habitability, which includes the installation, maintenance, inspection, repair, servicing, and/or testing of fuel gas systems, fuel gas system components, gas lines, and/or gas appliances, fire safety products and equipment, smoke alarms/detectors, gas alarms/detectors, fire extinguishers, safe entrance and egress, and the reasonably cautious and prudent action of property owners, property managers, property inspectors, and/or maintenance personnel.

## COUNT I – MILLENNIA JACKSONVILLE FL TC LP d/b/a CALLOWAY COVE APARTMENTS OF JACKSONVILLE ("OWNER")

34. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

35. Owner owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

36. Owner failed to act with reasonable care and acted negligently with respect to its residential tenants, including Ethridge and Singletary.

37. Owner breached its duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

    a.  Owner failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

    b.  Owner failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

    c.  Owner failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

    d.  Owner failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

    e.  Owner failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Owner knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

    f.  Owner failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

    g.  Owner failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

      h.   Owner failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

38. Owner is also responsible for the negligent acts of its agents, Manager, Graham, Felton, Fleetwood, Carothers, Watson, Brown, and Tate who were acting in the course and scope of their employment and in furtherance of Owner's interests.

39. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

40. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

41. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

42. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

43. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.


     WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, MILLENNIA JACKSONVILLE FL TC LP d/b/a CALLOWAY COVE APARTMENTS OF JACKSONVILLE and demands trial by jury of all issues so triable and such other relief the Court deems proper.


<u>COUNT II – MILLENNIA HOUSING MANAGEMENT, LTD. ("MANAGER")</u>

44. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

45. Manager owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

46. Manager failed to act with reasonable care and acted negligently with respect to its residential tenants, including Ethridge and Singletary.

47. Manager breached its duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

    a. Manager failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

    b. Manager failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

    c. Manager failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

    d. Manager failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

    e. Manager failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Manager knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

    f. Manager failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

    g. Manager failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h.  Manager failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

48. In addition to being individually liable, Manager is also responsible for the negligent acts of its agents, defendants Graham, Felton, Fleetwood, Carothers, Watson, Brown, and Tate, who were acting in the course and scope of their employment and in furtherance of Owner and Manager's interests.

49. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

50. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

51. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

52. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

53. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, MILLENNIA HOUSING MANAGEMENT, LTD and demands trial by jury of all issues so triable and such other relief the Court deems proper.

COUNT III – ORYTHIAN DONNELL GRAHAM ("MAINTENANCE SUPERVISOR")

54. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

55. Maintenance Supervisor was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

56. Maintenance Supervisor failed to act with reasonable care and acted negligently with respect to his residential tenants, including Ethridge and Singletary.

57. Maintenance Supervisor breached his duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a. Maintenance Supervisor failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   b. Maintenance Supervisor failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   c. Maintenance Supervisor failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

   d. Maintenance Supervisor failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   e. Maintenance Supervisor failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Maintenance Supervisor knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

   f. Maintenance Supervisor failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g.  Maintenance Supervisor failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h.  Maintenance Supervisor failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

58. In addition to being individually liable, Maintenance Supervisor is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

59. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

60. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

61. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

62. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

63. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.


WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, ORYTHIAN DONNELL GRAHAM and demands trial by jury of all issues so triable and such other relief the Court deems proper.

COUNT IV – JAMES JOSEPH FELTON ("MAINTENANCE MAN FELTON")

64. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

65. Maintenance Man Felton was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

66. Maintenance Man Felton failed to act with reasonable care and acted negligently with respect to his residential tenants, including Ethridge and Singletary.

67. Maintenance Man Felton breached his duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

    a.  Maintenance Man Felton failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

    b.  Maintenance Man Felton failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

    c.  Maintenance Man Felton failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

    d.  Maintenance Man Felton failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

    e.  Maintenance Man Felton failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Maintenance Man Felton knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

    f.  Maintenance Man Felton failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

 g. Maintenance Man Felton failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

 h. Maintenance Man Felton failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

68. In addition to being individually liable, Maintenance Man Felton is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

69. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

70. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

71. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

72. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

73. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, JAMES JOSEPH FELTON and demands trial by jury of all issues so triable and such other relief the Court deems proper.

COUNT V – JAMES TIMMIE FLEETWOOD, JR. ("GROUNDSKEEPER")

74. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

75. Groundskeeper was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

76. Groundskeeper failed to act with reasonable care and acted negligently with respect to his residential tenants, including Ethridge and Singletary.

77. Groundskeeper breached his duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a. Groundskeeper failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   b. Groundskeeper failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   c. Groundskeeper failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

   d. Groundskeeper failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   e. Groundskeeper failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Groundskeeper knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

   f. Groundskeeper failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g.  Groundskeeper failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h.  Groundskeeper failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

78. In addition to being individually liable, Groundskeeper is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

79. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

80. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

81. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

82. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

83. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, JAMES TIMMIE FLEETWOOD, JR. and demands trial by jury of all issues so triable and such other relief the Court deems proper.

COUNT VI – KIMBERLEY MYKIA MONEEK CAROTHERS

("MAINTENANCE WOMAN CAROTHERS")

84. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

85. Maintenance Woman Carothers was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

86. Maintenance Woman Carothers failed to act with reasonable care and acted negligently with respect to her residential tenants, including Ethridge and Singletary.

87. Maintenance Woman Carothers breached her duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

    a.  Maintenance Woman Carothers failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

    b.  Maintenance Woman Carothers failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

    c.  Maintenance Woman Carothers failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

    d.  Maintenance Woman Carothers failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

    e.  Maintenance Woman Carothers failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Maintenance Woman Carothers knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

    f.  Maintenance Woman Carothers failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida

Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g. Maintenance – Carothers failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h. Maintenance Woman Carothers failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

88. In addition to being individually liable, Maintenance Woman Carothers is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

89. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

90. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

91. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

92. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

93. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages,

costs, and prejudgment interest against the defendant, KIMBERLEY MYKIA MONEEK CAROTHERS and demands trial by jury of all issues so triable and such other relief the Court deems proper.


### COUNT VII – LASHAWNDA DAY WATSON ("PROPERTY MANAGER WATSON")

94. Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

95. Property Manager Watson was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

96. Property Manager Watson failed to act with reasonable care and acted negligently with respect to her residential tenants, including Ethridge and Singletary.

97. Property Manager Watson breached her duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a. Property Manager Watson  failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   b. Property Manager Watson failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   c. Property Manager Watson failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

   d. Property Manager Watson failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   e. Property Manager Watson failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Property Manager Watson knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

f.  Property Manager Watson failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g.  Property Manager Watson failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h.  Property Manager Watson failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

98. In addition to being individually liable, Property Manager Watson is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

99. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

100.    As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

101.    As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

102.    As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

103.    As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, LASHAWNDA DAY WATSON and demands trial by jury of all issues so triable and such other relief the Court deems proper.

## COUNT VIII – SHARHONDA LORRAINE BROWN ("ASSISTANT PROPERTY MANAGER")

104.    Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

105.    Assistant Property Manager was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

106.    Assistant Property Manager failed to act with reasonable care and acted negligently with respect to her residential tenants, including Ethridge and Singletary.

107.    Assistant Property Manager breached her duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a.   Assistant Property Manager failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   b.   Assistant Property Manager failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   c.   Assistant Property Manager failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

   d.   Assistant Property Manager failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   e.   Assistant Property Manager failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Assistant Property Manager

knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

f.  Assistant Property Manager failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g.  Assistant Property Manager failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h.  Assistant Property Manager failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

108.  In addition to being individually liable, Assistant Property Manager is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

109.  The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

110.  As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

111.  As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

112.  As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

113.    As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.


WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, SHARHONDA LORRAINE BROWN and demands trial by jury of all issues so triable and such other relief the Court deems proper.


COUNT IX – DEMOND MICHAEL TATE

("REGIONAL MANAGER OF PROPERTY OPERATIONS")

114.    Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

115.    Regional Manager of Property Operations was a compensated employee, actual agent or apparent agent, or representative of Owner and/or Manager, and as such owed a non-delegable duty to maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

116.    Regional Manager of Property Operations failed to act with reasonable care and acted negligently with respect to his residential tenants, including Ethridge and Singletary.

117.    Regional Manager of Property Operations breached his duty to exercise reasonable care with regard to the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a.  Regional Manager of Property Operations failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   b.  Regional Manager of Property Operations failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

c. Regional Manager of Property Operations failed to provide, install, inspect, repair, and maintain adequate fire safety products and equipment, smoke alarms and/or detectors, fire extinguishers, and ensure a safe entrance and egress on the Property;

d. Regional Manager of Property Operations failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

e. Regional Manager of Property Operations failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Regional Manager of Property Operations knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

f. Regional Manager of Property Operations failed to comply with Florida codes and statutes, local codes and ordinances, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

g. Regional Manager of Property Operations failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, landlords, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

h. Regional Manager of Property Operations failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

118. In addition to being individually liable, Regional Manager of Property Operations is an employee, actual or apparent agent, or representative of Owner and/or Manager and acted within the course and scope and authority of that relationship, in furtherance of the interests of Owner and/or Manager.

119. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

120. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment.

Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

121.    As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

122.    As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

123.    As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, DEMOND MICHAEL TATE and demands trial by jury of all issues so triable and such other relief the Court deems proper.

## COUNT X – TAMPA ELECTRIC COMPANY
### d/b/a TECO and d/b/a Peoples Gas ("TECO")

124.    Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

125.    TECO owed a non-delegable duty to its customer, and by extension, residential tenants, including Ethridge and Singletary, to inspect, repair, service, test, and supply reasonably safe fuel gas, fuel gas systems, fuel gas components, gas lines, and/or gas appliances.

126.    As a distributor and/or supplier of fuel gas, TECO had a responsibility to prevent the escape of fuel gas from its system.

127.    TECO failed to act with reasonable care and negligently performed its duties by allowing fuel gas to escape its system and injure individuals on the Property, including Ethridge and Singletary.

128.   As the distributor and/or supplier of fuel gas to the Property, TECO knew or should have known in the exercise of reasonable care that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property were non-compliant with local and State laws, regulations, industry standards, and safety codes and that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances had been recalled, were leaking, and/or were in disrepair rendering them dangerous and/or defective and thus constituting a volatile and extremely dangerous condition on the Property.

129.   Before the occurrence of the explosion and/or fire that injured Ethridge and Singletary, TECO had actual and constructive knowledge of other gas leaks and fires on the Property.

130.   Given the history of complaints, calls for service, gas leaks, and fires on the Property, TECO was obliged to investigate and inspect the Property in order to determine the condition and function of the fuel gas system, fuel gas system components, gas lines, and/or gas appliances before continuing to supply, furnish, and/or distribute additional fuel gas.

131.   TECO breached its duty to exercise reasonable care with regard to its customer, and by extension, the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a.   TECO failed to provide a reasonably safe fuel gas system, including all fuel gas components, gas lines, and gas appliances upon the Property;

   b.   TECO failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   c.   TECO failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   d.   TECO continued to deliver and supply fuel gas to a leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances upon the Property;

   e.   TECO failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   f.   TECO failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when TECO knew or should have known of

their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

g.  TECO failed to warn residential tenants, including Ethridge and Singletary, regarding the need for regular inspection, repair, and maintenance of the fuel gas system, fuel gas components, gas lines, and gas appliances down the line from the master meter when TECO knew or should have known that the fuel gas system, fuel gas components, gas lines, and gas appliances were leaking, in need of repair, dangerous, defective, recalled and/or non-compliant;

h.  TECO failed to comply with Florida codes and statutes, local codes and ordinances, industry standards, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

i.  TECO  failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

j.  TECO failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

132.  The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

133.  As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

134.  As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

135.  As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

136.    As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.

WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, TAMPA ELECTRIC COMPANY d/b/a TECO and d/b/a PEOPLES GAS and demands trial by jury of all issues so triable and such other relief the Court deems proper.

### COUNT XI – PEOPLES GAS SYSTEM (FLORIDA), INC ("PEOPLES GAS")

137.    Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

138.    Peoples Gas owed a non-delegable duty to its customer, and by extension, residential tenants, including Ethridge and Singletary, to inspect, repair, service, test, and supply reasonably safe fuel gas, fuel gas systems, fuel gas components, gas lines, and/or gas appliances.

139.    As a distributor and/or supplier of fuel gas, Peoples Gas had a responsibility to prevent the escape of fuel gas from its system.

140.    Peoples Gas failed to act with reasonable care and negligently performed its duties by allowing fuel gas to escape its system and injure individuals on the Property, including Ethridge and Singletary.

141.    As the distributor and/or supplier of fuel gas to the Property, Peoples Gas knew or should have known in the exercise of reasonable care that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property were non-compliant with local and State laws, regulations, industry standards, and safety codes and that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances had been recalled, were leaking, and/or were in disrepair rendering them dangerous and/or defective and thus constituting a volatile and extremely dangerous condition on the Property.

142.   Before the occurrence of the explosion and/or fire that injured Ethridge and Singletary, Peoples Gas had actual and constructive knowledge of other gas leaks and fires on the Property.

143.   Given the history of complaints, calls for service, gas leaks, and fires on the Property, Peoples Gas was obliged to investigate and inspect the Property in order to determine the condition and function of the fuel gas system, fuel gas system components, gas lines, and/or gas appliances before continuing to supply, furnish, and/or distribute additional fuel gas.

144.   Peoples Gas breached its duty to exercise reasonable care with regard to its customer, and by extension, the plaintiffs in the following manner including, but not limited to, the following specific acts or omissions:

   a.   Peoples Gas failed to provide a reasonably safe fuel gas system, including all fuel gas components, gas lines, and gas appliances upon the Property;

   b.   Peoples Gas failed to provide, install, inspect, repair, maintain, turn off, seal, and otherwise take reasonable precautions to ensure that the fuel gas system, fuel gas system components, gas lines, and/or gas appliances were reasonably safe;

   c.   Peoples Gas failed to maintain or replace the leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances on the Property;

   d.   Peoples Gas continued to deliver and supply fuel gas to a leaking, dangerous, defective, recalled and/or non-compliant fuel gas system, fuel gas system components, gas lines, and/or gas appliances upon the Property;

   e.   Peoples Gas failed to provide, install, inspect, repair, and maintain adequate alarms and detectors for the presence of natural gas on the Property;

   f.   Peoples Gas failed to warn residential tenants, including Ethridge and Singletary, of dangerous conditions on the Property when Peoples Gas knew or should have known of their existence and when Ethridge and Singletary were unaware that the dangerous conditions existed and/or remained;

   g.   Peoples Gas failed to warn residential tenants, including Ethridge and Singletary, regarding the need for regular inspection, repair, and maintenance of the fuel gas system, fuel gas components, gas lines, and gas appliances down the line from the master meter when Peoples Gas knew or should have known that the fuel gas system,

fuel gas components, gas lines, and gas appliances were leaking, in need of repair, dangerous, defective, recalled and/or non-compliant;

h. Peoples Gas failed to comply with Florida codes and statutes, local codes and ordinances, industry standards, the Florida Fire Prevention Code, and the Florida Building Code, which establish a duty of reasonable care for the benefit of residential tenants, including Ethridge and Singletary;

i. Peoples Gas  failed to adhere to the appropriate standard of care in hiring, training, and supervising managers, employees, actual and apparent agents, representatives, or maintenance personnel who worked at the Property; and

j. Peoples Gas failed to adhere to the appropriate standard of care in conducting work on the premises and maintaining the Property for the safe use and enjoyment of residential tenants, including Ethridge and Singletary.

145. The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

146. As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

147. As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

148. As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

149. As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.


WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages,

costs, and prejudgment interest against the defendant, PEOPLES GAS SYSTEM (FLORIDA), INC. and demands trial by jury of all issues so triable and such other relief the Court deems proper.


## COUNT XII – MORAN CONSTRUCTION CONSULTANTS, LLC ("INSPECTOR")

150.　Plaintiffs re-allege and reincorporate by reference paragraphs 1 through 37.

151.　Inspector owed a non-delegable duty to create and maintain reasonably safe premises for residential tenants, including Ethridge and Singletary.

152.　Inspector failed to act with reasonable care and acted negligently with respect to its property condition assessment and report, creating a foreseeable risk and actual harm to residential tenants, including Ethridge and Singletary.

153.　Inspector was asked identify major building components and their condition; identify all deferred maintenance that is currently affecting building components or will negatively impact building components in the future; identify critical and priority repairs needed and provide cost estimates for those items; identify all readily observable issues related to non-compliance with applicable codes; and identify all issues that could have negatively affected the health and safety of residential tenants at the Property.

154.　Inspector performed his job negligently and failed to identify the conditions causing and contributing to the fire and explosion that injured Ethridge and Singletary.

155.　The fire was the direct and proximate cause of injuries to Ethridge and Singletary.

156.　As a result of the defendant's conduct, Ethridge suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Ethridge has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

157.　As the natural parent of Singletary, Ethridge has lost, and will continue to lose, the support and services, companionship, and society of her daughter.

158.　As a result of the defendant's conduct, Singletary suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the

expense of hospitalization and rehabilitation, medical, nursing, and psychological care and treatment. Singletary has incurred medical expenses and has lost the ability to earn money. Her losses are either permanent or continuing and she will suffer the losses in the future.

159.    As a result of the injury to her mother, Singletary has lost, and will continue to lose, the support and services, companionship, protection, instruction, guidance, and society of her mother.


WHEREFORE, the plaintiffs, DANIELLE N. ETHRIDGE, individually and as parent, natural guardian, and next friend of AMARAH SINGLETARY, demand judgment for damages, costs, and prejudgment interest against the defendant, MORAN CONSTRUCTION CONSULTANTS, LLC and demands trial by jury of all issues so triable and such other relief the Court deems proper.


## CERTIFICATE OF SERVICE

The undersigned HEREBY certifies that on March 1, 2021, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida by using the CM/ECF system, which will send an automatic e-mail message to Sami Achem Jr, Esquire, Cole, Scott & Kissane, Sami.AchemJr@csklegal.com., ryan.william@csklegal.com, and all parties registered with the CM/ECF system.


/s/ J. Ryan Will                              /
J. Ryan Will
Florida Bar Number: 0024122
Morgan & Morgan, P.A.
444 Seabreeze Boulevard, Suite 100
Daytona Beach, Florida 32118
Telephone: (386) 281-6790
Facsimile: (386) 265-6551
Email: rwill@forthepeople.com
Attorney for Plaintiffs